IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN ADAMS,

    Petitioner,               No. CIV S-10-0787 GEB GGH P

    vs.

GARY SWARTHOUT, et al.,

    Respondents.          FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his denial of parole by the Board of Parole Hearings (BPH).

        Pending before the court is respondent's July 21, 2010, motion to dismiss on the grounds that this action is barred by the statute of limitations. Doc. 13. Petitioner filed an opposition on August 10, 2010. Doc. 14. After carefully considering the entire record, the undersigned recommends that respondent's motion to dismiss be denied.

II. Motion to Dismiss

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003). At the time the Ninth Circuit decided Redd, suitability decisions could be administratively appealed. Id. at 1084. In Redd, the Ninth Circuit held that the factual basis of the petitioner's claims challenging a parole suitability hearing could have been discovered through the exercise of due diligence when the BPH denied the administrative appeal. Id.

Since Redd, the administrative review process for parole suitability hearings has been eliminated. While petitioner was certainly aware of the BPH decision at his hearing on January 2, 2008, the decision did not become final under California law until 120 days after the hearing, on May 1, 2008.[1] See Solorio v. Hartley, 591 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008); 15 C.C.R. § 2041(a) ("Board decisions ... are proposed decisions and shall be reviewed prior to

---

[1] Respondent does not address the issue but assumes the statute of limitations began the day after the decision, in spite of California Regulations and extensive case law that holds otherwise.

1 their effective date ...."); § 2041(h) ("Proposed decisions made at hearings for prisoners serving a
2 sentence of life with the possibility of parole may be reviewed...."); § 2043 ("Any proposed
3 decision granting, modifying, or denying a parole date for a life prisoner, exclusive of those made
4 during Progress Hearings, shall become final no later than 120 days after the hearing at which the
5 proposed decision was made.").[2]
6        Thus, the statute of limitations began to run on May 2, 2008, the day after the
7 Board's decision became final. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).
8 Petitioner had one year, that is until May 2, 2009, to file a timely federal petition, absent
9 applicable tolling. The instant federal petition, filed on March 30, 2010, is not timely unless
10 petitioner is entitled to statutory or equitable tolling.
11        The court also affords petitioner application of the mailbox rule as to all his
12 habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76,
13 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner
14 delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)
15 (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the
16 court within limitations period).
17        However, only some of the state court petitions have been provided to the court
18 that indicate when the petitions were mailed. Therefore, despite petitioner in his opposition
19 stating when he mailed the other petitions, he will not be afforded the mailbox rule for those
20 petitions. There are also two petitions where the record does not indicate when the state courts
21 received the petitions, which the court will discuss below.
22 \\\\\
23 \\\\\

---

[2] The undersigned notes that the BPH decision does not contain a stamped date determining when the decision will be final, as can be found in other BPH decisions, yet California regulations still state that the decision will not be final for 120 days. The lack of a stamped date is therefore inconsequential.

     Petitioner filed six state post-conviction collateral actions:

First Round

1. April 30, 2008: First habeas petition filed in Siskiyou County Superior Court. MTD at 118.[3] The petition was denied on June 24, 2008, without comment or citation. Id.

2. Second petition filed with the California Court of Appeal, Third Appellate District on an unknown date. The petition was denied on July 17, 2008, with a citation to Sherwood v. Sup. Ct, 24 Cal. 3d 183, 186-187 (1979) and People v. Duvall, 9 Cal. 4th 464, 474 (1995).[4] Petition at 130.

3. August 14, 2008: Third habeas petition filed in the California Supreme Court. MTD at 120. The petition was denied on February 18, 2009, without comment or citation. MTD at 122.

Second Round

4. April 29, 2009: Fourth petition filed in Siskiyou County Superior Court. MTD at 249. The petition was denied on June 11, 2009, without comment or citation. MTD at 250.

5. Fifth petition filed with the California Court of Appeal, Third Appellate District on an unknown date. The petition was denied on August 20, 2009, without comment or citation. MTD at 252.

6. October 4, 2009: Sixth habeas petition filed in the California Supreme Court. MTD at 131. The petition was denied on March 24, 2010, with a citation to In re Miller (1941) 17 Cal. 2d 734. MTD at 254.

Petitioner filed the instant petition on March 30, 2010.

    Statutory Tolling

     Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the

---

[3] The court has referred to all page numbers as they appear on the court's electronic filing system.

[4] These cites stand for notion that petitioner did not provide sufficient support to meet his burden of proof on the merits.

statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling").  See Evans v. Chavis, 546 U.S. 189, 193-94, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."  Pace v. DiGuglielmo, 544 U.S. at 417.  "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414. Under such circumstances, the petitioner is not entitled to statutory tolling.  Id. at 417.

The court initially notes that after reviewing the decisions of all three state petitions in the first round, the petitions were "properly filed" for purposes of statutory tolling. See Pace.[5]  Petitioner's first state petition was filed on April 30, 2008, two days before the statute of limitations even began to run on May 2, 2008.  Petitioner is entitled to tolling for the period from May 2, 2008, to June 24, 2008, the date the state petition was filed to its denial, 53 days. With this tolling, petitioner had until June 24, 2009 to timely file his federal petition.

The first state petition was denied on June 24, 2008, by the Siskiyou County Superior Court and petitioner filed his second petition on an unknown date with the California Court of Appeal.  The California Court of Appeal denied the petition on July 17, 2008, therefore the latest petitioner could have filed the petition, July 16, 2008, less than thirty days since the prior denial, would still entitle petitioner to interval tolling.  Evans v. Chavis, 546 U.S. at 193-94. Petitioner is also eligible for statutory tolling for the pendency of the second petition, from whatever day it was filed until the denial on July 17, 2008.  Thus, regardless when the petition

---

[5] The undersigned views Sherwood and Duvall as decisions on the merits in that they deal with the quantum of proof necessary to sustain a writ.  At the very least, a citation to these cases does not mean that the state habeas petition was improperly filed for purposes of tolling analysis.  See Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005).

5

was filed, petition is entitled to 23 days of tolling.

        The second petition was denied by the California Court of Appeal on July 17, 2008, and petitioner filed his next petition with the California Supreme Court on August 14, 2008. Petitioner will receive interval tolling for the 28 days between the denial and filing of this petition. See Evans. Petitioner will also receive tolling for the pendency of this petition which was denied by the California Supreme Court on February 18, 2009, another 188 days. Petitioner therefore, receives another 216 days of tolling. With these additions, petitioner had until approximately February 18, 2010, to file his federal petition. The instant federal petition was filed on March 30, 2010, thus petitioner needed approximately 40 additional days of tolling.

        More than two months after the denial by the California Supreme Court, petitioner started a new round of state habeas petitions and filed a case in Siskiyou County Superior Court on April 29, 2009. Petitioner will not receive tolling for this period between petitions, as he did not proceed to a higher court. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).

        The only petition from the second round provided to the court was the petition filed with the California Supreme Court. It should be noted that while petitioner brought the same claim as the prior California Supreme Court petition, regarding the denial of parole, the case of In re Lawrence, 44 Cal. 4th 1181 (2008) was decided in the interim. Petitioner's first California Supreme Court petition was filed on August 14, 2008, and Lawrence was decided on August 21, 2008. Petitioner's second petition with the California Supreme Court heavily quoted the Lawrence decision.

        The second round superior court petition was denied without comment or citation on June 11, 2009. At an unknown date, petitioner filed a petition with the California Court of Appeal which was denied without comment or citation on August 20, 2009. Petitioner then filed a petition with the California Supreme Court on October 4, 2009, that was denied solely with a citation to In re Miller (1941) 17 Cal. 2d 734, on March 24, 2010. The instant federal petition was filed on March 30, 2010.

In the motion to dismiss, respondent does not address statutory tolling for the first two second round petitions. Respondent only states that petitioner is not entitled to statutory tolling for the second round California Supreme Court petition as it was not properly filed. Respondent states that the denial with a citation to Miller indicated it was denied for the same reasons as the prior petition and therefore is not entitled to tolling. The undersigned does not agree and notes that respondent has not raised a procedural bar issue in this motion.

In Miller, the California Supreme Court denied a habeas petition because a prior petition "was based on the same grounds set forth in the present petition" and "no change in the facts or the law substantially affecting the rights of the petitioner has been disclosed" in the interim. 17 Cal. 2d at 735. By invoking Miller in the second state habeas petition, the California Supreme Court was in effect "denying the petition for the same reasons that it denied the previous one," Kim v. Villalobos, 799 F.2d 1317, 1319 n. 1 (9th Cir. 1986), be it for substantive reasons, procedural reasons, or both. See also Karis v. Vasquez, 828 F.Supp. 1449, 1457 (E.D.Cal. 1993) (holding that a federal court will look through a state court's citation to Miller to the basis for decision in the first state petition). Therefore, Miller merely maintains the status quo as to what occurred when the same claims were raised in the first state habeas petition. In this case, all prior state court habeas petitions in the second round and the prior California Supreme Court petition were denied without comment or citation.

Even if Miller could be considered a potential procedural bar, and the undersigned does not believe this position would be meritorious[6], this will not affect the tolling analysis. The issue here is whether the second petition was properly filed for AEDPA purposes. Petitioner had a legitimate right to petition the California courts after the Lawrence decision, because the

---

[6] Miller is indistinguishable in principle on the cited point from In re Walterus, 62 Cal. 2d 218, 42 Cal. Rptr. 0 (1965) which stands for the proposition that the habeas court will not review again what was decided on direct review. As such the Waltreus decision is not a procedural bar to *federal* courts. Carter v. Giurbino, 385 F.3d 1194, 1198 (9th Cir. 2004). Neither would a cite to Miller be a procedural bar.

7

California Supreme Court had changed the parole eligibility landscape quite a bit with its clarification of prior precedent. The fact that the state supreme court in petitioner's case thought that Lawrence would not change the previous result has everything to do with the merits and nothing to do with filing considerations.

As petitioner should receive statutory tolling for the time when all three petitions were pending, which is much greater than the 40 days of tolling petitioner required, the instant federal petition is timely. Therefore, the undersigned need not consider the interval tolling between the second round petitions.

Thus, respondent's motion to dismiss should be denied and respondent should file an answer to the petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 21, 2010 motion to dismiss (Doc. 13) be denied; and

2. Respondent shall filed an answer to the petition within sixty days of these findings and recommendations being adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/20/10

/s/ Gregory G. Hollows

UNITED STATED MAGISTRATE JUDGE

GGH: AB
adam0787.mtd